BANK OF COMMERCE & TRUST OF RICHMOND, VA., v. McARTHUR et al.

(District Court, S. D. Florida. January 29, 1918.)

1. COURTS ⊜273—FEDERAL COURTS—JURISDICTION—DISTRICT.

Under Judicial Code (Act March 3, 1911, c. 231) § 52, 36 Stat. 1101 (Comp. St. 1916, § 1034), declaring that, when a state contains more than one district, every suit not of a local nature against a single defendant must be brought in the district where he resides; but, if there are two or more defendants residing in different districts, it may be brought in

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

either district, a suit against several defendants some of whom resided in the Northern and some in the Southern district of Florida, though not a local suit, may be maintained in the Southern district.

2. COURTS ⟪⟫269—JURISDICTION OF FEDERAL COURTS—ENFORCEMENT OF LIENS.

A creditor cannot, where he was given no lien by contract, justify the maintenance of a suit in district other than that of the debtor's residence, on the ground that it was one to enforce a lien on specific personal property in the district, and within Judicial Code, § 57 (Comp. St. 1916, § 1039), where such creditor had not acquired any lien by levy of execution.

3. COURTS ⟪⟫269—FEDERAL COURTS—JURISDICTION—SUIT TO REMOVE CLOUD ON TITLE.

Judicial Code, § 57, authorizing suits to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance, lien, or cloud upon, title to real and personal property to be begun in the district where the property is located, does not authorize a suit to set aside transfers of personalty by a debtor, and to have the property declared that of the debtor and subjected to the payment of his debts, in the district wherein the property was located, where neither complainant nor the debtor resided therein.

4. COURTS ⟪⟫269—FEDERAL COURTS—JURISDICTION.

A suit, which was not one to enforce a lien or remove a cloud from the title to property, must, where the basis of jurisdiction was diversity of citizenship, be begun, in accordance with Judicial Code, § 51 (Comp. St. 1916, § 1033), either in the district of the residence of complainant or defendant, and cannot be instituted in the district wherein the property of the defendant, the transfer of which was attacked, was located.

5. FRAUDULENT CONVEYANCES ⟪⟫255(1)—SETTING ASIDE—NECESSARY PARTIES.

Though complainant in the courts of North Carolina, in which the debtors reside, recovered a judgment against them, such debtors are necessary parties in a suit in the federal District Court for Florida, wherein transfers of property by the debtors were sought to be set aside, and the property subjected to complainant's demand, for the debtors in that proceeding might question the validity of the debt and the amount.

In Equity. Suit by the Bank of Commerce & Trust Company of Richmond, Va., against Adam McArthur and others. Defendant D. W. McArthur and W. E. Bell moved to quash the subpœna and service, while defendants Wade and Ray moved to dismiss the complaint. Motion to quash subpœna and service denied, and motions to dismiss the complaint granted.

E. J. L'Engle and M. H. Long, both of Jacksonville, Fla., for plaintiff.

H. L. Anderson, of Jacksonville, Fla., and H. M. Hampton, of Ocala, Fla., for defendants.

CALL, District Judge. [1] In this case D. W. McArthur and W. E. Bell entered a special appearance and motion to quash the subpœna and service; they being residents of the Northern district of Florida and the suit pending in the Southern district. Other defendants reside in the Southern district, and, even though the suit was not of a local nature, it might be maintained in this district, under section 52 of the Judicial Code. In addition to this special appearance and motion to quash the subpœna and service, the defendants filed a motion to

quash the subpœna and service without such special appearance. It is a grave question whether this last-mentioned motion does not amount to a general appearance, in the event the motion is denied. I do not think the grounds stated are sufficient to quash the subpœna or the service of same, and these motions will therefore be denied.

Two of the defendants, residents and citizens of this district, move to dismiss the bill on various grounds. The principal are:

First, because the three debtor defendants in the bill are citizens and residents of North· Carolina and the complainant a foreign corporation, and the suit is not brought in the district of the residence of either complainant or defendant under section 51 of the Judicial Code.

Second, because the complainant has not commenced suit against the debtor defendants in this district on the debt, nor recovered any judgment therefor.

Third, because the complainant has no lien or title to the property sought to be subjected to the payment of its debt.

[2-4] The bill of complaint in this case seeks to have certain transactions by one of the debtor defendants, claimed to be fraudulent, set aside, and certain of the defendants account for the proceeds; the property sought to be reached being personal property. The bill shows an indebtedness due from three persons, citizens and residents of North Carolina, to the complainant. It shows a judgment in the North Carolina courts in favor of the complainant against these three defendants. It alleges their noncitizenship, nonresidence, and their insolvency. It then proceeds to show certain transactions between one of the three nonresidents with the other defendants, which are claimed to be fraudulent and void against it. The bill prays for a decree ascertaining the indebtedness to it from the three nonresident defendants, and to have these several transactions declared fraudulent and void, and to subject the personal property involved to the payment of such decree.

The first question to be decided is: Is this a local action? If it is, then the provisions of section 51 of the Judicial Code do not apply. If it is a suit to enforce any legal or equitable lien upon, or remove a cloud upon, the title to real or personal property within this district, it is local, and the provisions of section 57 of the Judicial Code apply.

Is this a suit to enforce a lien upon any specific personal property in this district? The only way I know to acquire a lien upon personal property, other than by contract, is by an execution issued upon a judgment and placed in the hands of the sheriff. This admittedly has not been done in this case. Is it a suit to remove a cloud from the title of the personal property involved? The principal object of the suit is to set aside the transfers from the debtor defendant to the other defendants, and have it declared the property of such debtor defendant, and as such subjected to the payment of his debts. In that sense it may be said to be a suit to remove a cloud. But the judicial construction of words "remove a cloud" is that it is a proceeding to remove a cloud on the title of the party bringing the suit. It is in this sense I think the words in section 57 must be understood. It follows, therefore, that this is not a suit of a local nature.

The jurisdiction of this court can therefore be invoked only on the fact of diversity of citizenship, and section 51 of the Judicial Code requires that suit can be brought only in the district of the residence of either the plaintiff or defendant. This brings me to the consideration of the question of whether the debtor defendants, citizens and residents of North Carolina, are necessary parties or only formal parties.

[5] As before stated, the bill prays for a decree against them adjudicating the amount due from them to the complainant. While there may be some diversity of decisions on the question of whether such debtors are necessary parties, in my judgment there can be no question that, when the creditor is a contract creditor with his demand not reduced to judgment, the debtor is such necessary party, without whose presence the court could not enter a decree against him. Nor do I think the fact that a judgment had been obtained in North Carolina against him changes the necessity. He would still in this court be entitled to be heard upon the questions of validity and amount, and for this purpose he is a necessary party. This being true, the North Carolina debtor is a necessary party to this suit, and cannot without his consent be brought into this court for the purpose of entering a personal decree against him.

The resident defendants, Wade and Ray, have moved to dismiss the bill of complaint, and for the reasons given above the motions will be granted. The case of Hultberg v. Anderson (C. C.) 170 Fed. 657, does not militate against the views above expressed, for the reason that in that case the complainant had a lien by virtue of the attachment sued out and final judgment entered thereon.

I have not considered the motions to dismiss for want of prosecution, for the reason that the questions involved in the motions passed upon were fully covered in the briefs filed.