Alexander **TCHEREPNIN** et al.,
Plaintiffs,

v.

Robert **FRANZ** et al., Defendants.

No. 64 C 1285.

United States District Court,
N. D. Illinois.

April 14, 1975.

See also, D.C., 393 F.Supp. 1197.

Steven L. Bashwiner, Don H. Reuben, Kirkland & Ellis, Chicago, Ill., for cross-plaintiff (Receiver for City Savings Assn.).

Richard F. Watt, Peggy A. Hillman, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for cross-defendant DeWoskin.

Charles J. O'Laughlin, Patrick J. Phillips, Jenner & Block, Chicago, Ill., for cross-defendants Hulman, Kirby, Hartman, Ray and Kadlicek.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on the motion of cross-defendant William De-Woskin to dismiss Count IV of the Amended First Cross-Complaint of cross-plaintiff City Savings Association (City Savings.) For the reasons set forth below, this motion shall be denied.

This litigation stems from the collapse of City Savings Association, a savings and loan association chartered by the State of Illinois and presently under the control of federal receivers. The complex history of City Savings and this litigation has been chronicled in a series of prior opinions and will not be explained again here. *See* Mensik v. Smith, 18 Ill.2d 572, 166 N.E.2d 265 (1960); Tcherepnin v. Franz, 277 F.Supp. 472 (N.D.Ill.1966); Tcherepnin v. Knight, 371 F.2d 374 (7th Cir. 1967), rev'd 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967); Tcherepnin v. Kirby, 416 F.2d 594 (7th Cir. 1969); Tcherepnin v. Franz, 316 F.Supp. 714 (N.D.Ill.1970); Tcherepnin v. Franz, 461 F.2d 544 (7th Cir. 1972); Tcherepnin v. Campbell, 469 F.2d 531 (7th Cir. 1972); Tcherepnin v. Franz, (N.D.Ill. March 12, 1973); Tcherepnin v. Franz, 485 F.2d 1251 (7th Cir. 1973).

A memorandum and order entered this day and granting the receiver summary judgment against the First National Bank & Trust Company of Alton, Illinois, executor of the estate of Joseph E. Knight (Estate of Knight), as to Counts I and II of the Amended First Cross-Complaint discusses in detail the events prior and subsequent to the closing of City Savings. Pages 1–12 of that memorandum and order is hereby adopted and included in this memorandum. However, the findings of fact included in that memorandum and order shall not be binding on any cross-defendants other than the Estate of Knight.

Count IV deals with events transpiring between June 26, 1964, the date City Savings was closed by state examiners and September 7, 1968, the date Judge Campbell ordered the appointment of federal receivers. Named as cross-defendants are Justin Hulman, Louis Kwasman, Harry Hartman, Dennis Kirby, William DeWoskin, Richard Ray and Steven Kaklicek.

Justin Hulman was appointed as Supervisor of Savings and Loan Associations for the Department of Financial Institutions on June 5, 1964. On August 1, 1965, his official designation was changed by statute to Commissioner of Savings and Loan Associations, a position he held until his resignation on October 1, 1969.

Louis Kwasman was a business associate of C. Oran Mensik the president and board chairman of City Savings. Kwasman had extensive business dealings with City Savings and sold to that institution the promotional items used by Mensik to entice new depositors. Kwasman was one of the three liquidators at the time of the State's closing of City Savings in 1964. He was selected by Mensik to serve as a liquidator and acted as Mensik's representative.

Harry Hartman and Dennis Kirby were the remaining two liquidators at the closing of City Savings. Both were employees of the Department of Financial Institutions when they assumed these positions. William DeWoskin replaced Louis Kwasman as a liquidator on April 11, 1966. DeWoskin resigned on January 17, 1968 and was replaced by Richard Ray. On January 29, 1968, Harry Hartman resigned and was succeeded by Steven J. Kadlicek. Kadlicek was also an employee of the Department of Financial Institutions at the time of his appointment.

Count IV of the Amended First Cross-Complaint alleges that:

1) The liquidators were fraudulently and improperly appointed and had no rightful authority to manage and control the Association's assets. As a result, the liquidators were trustees *de son tort* and as such each is liable for any losses and are accountable for all receipts and expenditures made during their respective tenures;

2) The liquidators never made any accounting and as a result are required to account to the court for any differences between the book value of City Savings' assets as of June 30, 1964, and the value of the assets delivered by them to the federal receivers on September 7, 1968;

3) The liquidators committed waste during their respective tenures and are liable to the depositors for any losses incurred thereby;

4) The liquidators failed to recover numerous hidden assets of City Savings and are liable to the depositors for any losses incurred thereby;

5) Throughout the liquidation, Justin Hulman retained control over and direction of the liquidation and is therefore accountable to the depositors for any losses incurred during the liquidation.

In his motion to dismiss, DeWoskin argues that during his service as a liquidator he was acting as a public official of the State of Illinois and was therefore immune from personal liability for acts of judgment performed within the scope of his official duties in the absence of malice, fraud or corruption. People of State of Illinois v. Maryland Casualty Co., 132 F.2d 850 (7th Cir. 1942); Bush v. Babb, 23 Ill.App.2d 285, 162 N.E.2d 594 (1st Dist. 1966); 63 Am. Jur.2d Public Officers and Employees § 293. Since there are no allegations in Count IV that DeWoskin acted outside the scope of his authority or that his actions were motivated by fraud, corruption or malice, DeWoskin asserts that Count IV should be dismissed.

The receiver concedes that DeWoskin and the remaining liquidators were acting as public officers. However, the receiver contends that public officers in possession of public or private funds act as insurers for those funds. The unstated inference of the receiver's argument is that malice, fraud or corruption need not be alleged.

In Barrett v. Bradford, 372 Ill. 63, 22 N.E.2d 691 (1939), the Illinois Supreme Court held that the Director of the Illinois Department of Conservation's sureties were liable when he improperly accepted checks rather than currency as payment of certain fines, fees and penalties, failed to timely deposit the same in the State Treasury as required by law but rather placed them in a bank which subsequently failed. Neither fraud, malice or corruption was alleged or proved:

> The rule is well established in this State that a public officer is liable on his bond for the loss of public funds coming into his hands by virtue of his office and deposited by him in a bank and lost through its failure, though the bank was reputed solvent, and nothing can relieve him of this obligation to safely keep and pay over such funds, but the act of God or of the public enemy. . . . This is true even though the officer rightfully deposited the funds. *A fortiori,* the rule applies if, as contended by the People here, the deposit was wrongfully made.

Barrett v. Bradford, *supra* at 66–67, 22 N.E.2d at 693; *accord* Estate of Ramsay v. The People, 197 Ill. 572, 64 N.E. 549 (1902); Hoyt v. McGrath, 279 Ill. 550, 117 N.E. 74 (1917).

These principles apply equally whether the funds involved are denominated public or private. In Hoyt v. McGrath, *supra,* the Illinois Supreme Court held at 559, 117 N.E. at 77:

> . . . The obligation of the officer to pay over private funds is the same as his obligation to pay over public funds, and the measure of ac-

countability to be applied is the same in either case.

██ In any event, DeWoskin's status as a liquidator is analogous to that of a court appointed receiver. As fiduciaries, the liquidators are responsible for any acts of mismanagement which may have resulted in losses to the depositors. *See, e. g.,* In re First National Bank of Mansfield, 37 Ohio St.2d 60, 307 N.E.2d 23 (1974); In re Beaver Trust Co., 146 Pa.Super. 545, 22 A.2d 111 (1941).

It is therefore ordered that William DeWoskin's motion to dismiss Count IV of the Amended First Cross-Complaint shall be, and the same is hereby, denied.