Alexander TCHEREPNIN et al., Plaintiffs,

v.

Robert FRANZ et al., Defendants.

No. 64 C 1285.

United States District Court, N. D. Illinois, E. D.

Nov. 30, 1976.

Don H. Reuben, James C. Munson, James A. Klenk, Kirkland & Ellis, Chicago, Ill., for receiver.

J. F. Schlafly, Schlafly, Godfrey & Fitzgerald, Alton, Ill., Raymond F. McNally, Jr., St. Louis, Mo., for cross-defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the objections of cross-defendant First National Bank and Trust Company in Alton, executor of the estate of Joseph E. Knight, deceased, (Estate of Knight) to the Report of Special Master Milton H. Gray [1] and on the motion of the receiver to adopt said Report. For the reasons hereinafter stated, the Report shall be accepted and the Special Master's findings of fact and conclusions of law shall be adopted as those of this court.

On April 14, 1975, this court entered a memorandum and order which, *inter alia,* granted in part the receiver's motion for summary judgment and held the Estate of Knight liable under Count I and Count II of the receiver's Amended First Cross-Complaint. *Tcherepnin v. Franz,* 393 F.Supp. 1197 (N.D.Ill.1975). The opinion reserved the issue of damages for future proceedings. 393 F.Supp. at 1213, 1220–21. On May 8, 1975, an order was entered referring the damage issue to Special Master Milton H. Gray (Master Gray) for hearing and report to this court. In accord with this order, hearings were held, memoranda were filed and on July 9, 1976, Master Gray filed his Report.

On July 22, 1976, the Estate of Knight filed its objections to Master Gray's Report. Six days later, the receiver filed a motion to adopt the Report. Pursuant to this court's directive, the Estate of Knight filed a segregated set of objections to the Report on August 9, 1976. Thereafter, on August 31, 1976, the receiver filed a memorandum in support of his motion. On October 8, 1976, a hearing was held on this matter and the Estate of Knight filed a memorandum in reply to the receiver's.

At issue before Master Gray was the damages recoverable against the Estate of Knight under Count I of the Amended First Cross-Complaint.[2] This court found Knight

---

1. On July 9, 1976, Master Gray filed a thirty-three page document entitled "Report Of Special Master, Milton H. Gray, Including Findings Of Fact, Conclusions Of Law, And Recommendations In Respect To The Determination Of Damages Against Cross-Defendant First National Bank And Trust Company In Alton, As Executor Of The Estate Of Joseph E. Knight, Deceased." Same will be referred to in the text of this opinion as the "Report."

2. While summary judgment was granted on both Count I and on Count II of the Amended First Cross-Complaint, the receiver chose to limit his proof to Count I only as he was satisfied that the damages that would be recovered thereunder exceed the value of the Knight estate. Reply Memorandum of the Receiver filed April 9, 1976 at 8 n.

liable under this count as he willfully and maliciously disregarded his statutory duty to supervise the affairs of City Savings during the period in which he served as Director of the Department of Financial Institutions. 393 F.Supp. at 1213. During the course of its opinion, the court noted that City Savings loaned over $21,000,000 secured by the so-called Apple Orchard and Howie in the Hills real estate developments and further that these loans, based upon grossly inflated values of the properties, were the single greatest factor in the demise of City Savings. 393 F.Supp. at 1206–07.

Master Gray's Report is divided into nine sections.[3] The Estate of Knight objects to all sections of the Report except sections I and IX. The receiver, on the other hand, has moved the court to adopt the Report in toto. The receiver's motion shall be granted.

■ The Estate's objections may be conveniently divided into three areas: liability, joint and several recovery and damages. The objections as to liability are overruled. The reference to Master Gray was to the issue of damages. Liability was established by this court's order of April 14, 1975. The Estate of Knight did not file a motion to reconsider this opinion and the arguments advanced as to liability are untimely.[4]

■ The court, recognizing that the parties are entitled to a "real review" of the evidence submitted to Master Gray, *Locklin v. Day-Glo Color Corporation,* 429 F.2d 873, 876 (7th Cir. 1970), *cert. denied,* 400 U.S. 1020, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971), and that his conclusions of law carry no weight with this court, further adopts the Report on the issue of joint and several liability. The Estate of Knight objects because the receiver did not allege his cause of action sufficiently so as to apprise cross-defendant of the charges and because the receiver did not advise Knight of what must be met on the issue of damages. Master Gray found these objections to be without merit and the court must agree. Count I of the Amended First Cross-Complaint alleges a breach of official duty by certain cross-defendants and seeks recovery of damages in excess of $14,000,000. The nature, size and relevancy of the loans made against the Apple Orchard and Howie in the Hills projects are specifically pleaded. Clearly, the Estate has been on notice not only of the cause of action but also of the damages sought thereunder.

The Estate of Knight objects because the Special Master concluded that this cross-defendant is liable in damages jointly and severally. The Estate complains because the receiver failed to plead joint and several liability. It further objects because it suggests that Knight can only be held liable to the extent that his own acts caused the injury of which the receiver complains. Finally, the Estate of Knight suggests that Master Gray is in error as he has found that this cross-defendant can be held liable for a judgment which, at some future date, may be rendered against an unknown person. Such "conjectural probability of future loss" is argued by the Estate of Knight to violate the rules of pleading and the law.

■ Once again, the court holds the objections of the Estate of Knight to be without merit. Master Gray found that the receiver's failure to plead joint and several liability in *haec verba* did not preclude recovery under this theory where, as here, the "interplay of the separate torts was pleaded with sufficient clarity." Report at 21–22. The court concurs. Joint liability may be

---

**3.** I. Reference and Hearings, II. Counts I and II, III. Significance of Apple Orchard and Howie in the Hills Real Estate Developments, IV. Contentions of the Bank, V. Joint and Several Liability, VI. Findings of Amount of Damages, VII. Recommendations to Overrule Certain Motions and Overruling of Certain Other Motions, VIII. Recommendation of Damages and IX. Submission.

**4.** The Estate of Knight contended at the hearing on the Report that "facts were not made aware of [on liability] until we had a hearing [before Master Gray]." Tr. October 8, 1976 at 9. However, a review of the Estate's reply memorandum filed February 4, 1975, indicates that many, if not all, of these facts were raised before liability was established.

charged against a defendant when the pleader alleges that separate torts by separate individuals resulted in an indivisible injury, i.e., the overvalued loans.

■ Further, the court agrees with Master Gray that the Estate of Knight must be held jointly and severally liable for the losses incurred as a result of the loans made on the Apple Orchard and Howie in the Hills real estate developments. As the Estate apparently recognizes, a defendant may be held jointly and severally liable for the entire loss caused by two or more tortfeasors when the injury caused is indivisible. Master Gray specifically found, and the court independently holds, that the losses which occurred because of the excessive loans on Apple Orchard and Howie in the Hills resulted in a single, indivisible wrong to the depositors of City Savings.

■ The Estate of Knight is in error when it argues that Master Gray suggested that this cross-defendant can be held liable for "future loss." Master Gray merely stated that a joint and several judgment could not be entered against the Estate of Knight and other named joint tortfeasors when, as here, no other individuals have as yet been held specifically liable for losses incurred as a result of the Apple Orchard and Howie in the Hills loans. The court agrees. Nevertheless, when as in the instant situation, the injury caused by Knight is indivisible, joint and several liability must be imposed against this cross-defendant even though others have not as yet been brought to judgment. *Wabash, St. Louis and Pacific Railway Co. v. Shacklet,* 105 Ill. 364, 381 (1883); *Pearman v. Morris,* 15 Ill.App.2d 486, 494, 146 N.E.2d 589, 593 (3d Dist. 1957).

In his Report, Master Gray made ten findings with respect to damages. The court has thoroughly reviewed each. They are clearly supported by the evidence and the law and these findings shall be adopted by the court.[5]

■ The Estate of Knight has made "formal objection" to six of the ten findings at issue. Objections to findings 3, 4, 5 and 6 must be summarily overruled. These findings were made by this court in its memorandum and order of April 14, 1975. They were, and are, clearly supported by the record in this cause and could not be ignored by Master Gray as the Estate seems to suggest. Further, as the receiver notes in his memorandum, findings 4–6 were not used by Master Gray in the calculation of damages.

■ The Estate of Knight objects to Master Gray's findings that City Savings and its depositors were damaged in the amount of $14,274,304 as a result of the loans made on the Apple Orchard and Howie in the Hills projects and that the Estate of Knight is liable therefor. The Estate asserts, *inter alia,* that these findings are speculative. The court disagrees. Master Gray based the damage amount on: (a) an actual realized book value loss; and (b) precise figures of book value and proceeds of sale as of these same dates. Report at 28. This figure is clearly supported by the testimony and evidence submitted to Master Gray. Tr. June 23, 1975 at 12–13; Price Waterhouse & Co. Report of June 9, 1975, Note 4.

The Estate of Knight further objects to this figure because the properties at issue were not sold until 1973–74 during a period of recession. As Master Gray noted, however, the intervening years were in part a result of the judicial appellate process and, in any event, apparently worked to the benefit of the Estate. Report at 29.

■ In addition, the Estate of Knight argues that it should not be held liable for the damages resulting from these loans as Knight's first written knowledge of City Saving's insolvency was received in June 1964. This argument, however, is irrele-

5. Master Gray's damage finding number 2 (Report at 24) refers to loans approved before or during Knight's tenure as Director of Financial Institutions. As Master Gray's reference to Receiver's Exhibit 2 makes clear, these amounts represent the outstanding balances of authorized loans as shown by the records of City Savings on September 7, 1968. *See* Tr. July 8, 1975 at 44–8 and Receiver's Exhibit 2.

vant. Knight was found liable as he willfully and maliciously breached his statutory duty to supervise the affairs of City Savings. *Tcherepnin v. Franz,* 393 F.Supp. 1197, 1210–13 (N.D.Ill.1975). Further, Knight had knowledge of the overvalued loans no later than January 1, 1964. 393 F.Supp. at 1210. Master Gray found that between this date and June 30, 1964, City Savings disbursed $1,172,623.33 in loans in respect to Apple Orchard and Howie in the Hills. Report at 22–23. That finding is specifically adopted by the court as it is clearly supported by the record. *See* Report at 22–24 and evidence cited.

Finally, the Estate objects because no appraisals were introduced before Master Gray. The court fails to see the relevance of this objection. In any event, the record reveals that appraisals were in fact ordered by Judge Campbell in April 1972 and that same were filed with the court on May 22, 1972 and on June 20, 1972. Thereafter the properties at issue were sold only after court approval.

Master Gray recommended damages in the amount of $14,274,304 in the Report of July 9, 1976. For the reasons heretofore stated, that figure is hereby adopted by the court. However, the subsequent Price Waterhouse & Co. Report of September 10, 1976, filed with the court on October 4, 1976, indicates that the book loss on the Howie in the Hills property has been reduced by $224,800 as of December 31, 1975. Price Waterhouse & Co. Report of September 10, 1976, Note 4. In addition, this court ordered that an additional $80,000 be released to City Savings from the Howie in the Hills escrow on July 28, 1976. Accordingly, Master Gray's recommendation of July 9, 1976, has been reduced by $304,800 and judgment is entered against the Estate of Knight in the amount of $13,969,504.

Finally, in section VII of his Report, Master Gray has recommended that his rulings on certain motions be confirmed. The receiver has also recommended that these rulings be adopted by the court. The Estate of Knight, while objecting to certain rulings in its memoranda, has apparently withdrawn all objections save one. Tr. October 8, 1976 at 22.

In any event, the court has reviewed the rulings of Master Gray at issue and hereby confirms same. Master Gray granted the receiver leave to reopen his proof solely to complete the record left open by the Estate of Knight while denying the Estate's objections and motion for leave to file a supplemental answer. Report at 29–32. Clearly Master Gray's rulings in this area were well within his discretion. Fed. R.Civ.P. 53(c).

Master Gray further has recommended that the motion of the Estate of Knight to suppress the deposition testimony of C. Oran Mensik be denied. Report at 32. Finally, he has recommended overruling the motions of the Estate that the Special Master "make a finding and recommendation of no damages caused by said Joseph E. Knight." Report at 33. The recommendations of the Special Master are hereby confirmed by this court. The Mensik testimony is irrelevant on the damage issue and the recommendations of "no damages caused by said Joseph E. Knight" are overruled on the basis of Master Gray's Report herein adopted.

For the reasons stated, it is therefore ordered that the Report of Special Master Milton H. Gray, filed July 9, 1976, shall be, and the same is hereby, accepted and the Special Master's findings of fact and conclusions of law are adopted as those of this court.

It is further ordered that final judgment shall be, and the same is hereby, entered against the First National Bank and Trust Company in Alton, as executor of the estate of Joseph E. Knight, deceased, in the amount of $13,969,504.