**Alexander TCHEREPNIN et al., Plaintiffs,**

v.

**Robert FRANZ et al., Defendants.**

**No. 64 C 1285.**

United States District Court, N. D. Illinois, E. D.

Nov. 14, 1977.

Don H. Reuben, James C. Munson, Kirkland & Ellis, Chicago, Ill., for plaintiffs.

Raymond F. McNally, Jr., St. Louis, Mo., J. Fred Schlafly, Schlafly, Godfrey & Fitzgerald, Alton, Ill., Edward Macie, Elward & Macie, L. Edward Bryant, Jr., Gardner, Carton & Douglas, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant First National Bank and Trust Company of Alton as Executor of the Joseph E. Knight Estate [hereinafter Executor of the Knight Estate] under Count IX of the Amended First Cross-Complaint of the City Savings Association, by its receiver Samuel Berke, to dismiss for failure to state a claim upon which relief can be granted. The third-party defendant First National Bank and Trust Company of Alton as Trustee of the Joseph E. Knight Trust [hereinafter Trustee of the Knight Trust] has moved to dismiss Count IX for lack of subject matter jurisdiction and for lack of proper venue. In addition, the other third-party defendants—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—as beneficiaries of the Joseph E. Knight Trust have moved to dismiss Count IX for lack of proper venue. For the reasons hereinafter stated, defendants' motions to dismiss will be denied.

On July 12, 1977, this court granted the receiver's motion for leave to file Count IX of its Amended First Cross-Complaint. This Count is a part of the protracted litigation[1] involving the events surrounding the collapse of the City Savings Association, a savings and loan association chartered by the State of Illinois and presently under the control of a federal receiver. Count IX is an action brought by defendant and cross-plaintiff, City Savings Association, by its receiver, to set aside fraudulent conveyances pursuant to Ill.Rev.Stat. ch. 59, § 4 (1977), and rule 18 of the Fed.R.Civ.P. Named and joined as defendants in this action are cross-defendant First National Bank and Trust Company of Alton as Executor of the Knight Estate; third-party defendant First National Bank and Trust Company of Alton as Trustee of the Knight Trust; and third-party defendants—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—as beneficiaries of the Joseph E. Knight Trust.

Prior to the filing of Count IX, this court granted the receiver's motion for summary judgment against the Executor of the Knight Estate,[2] on April 14, 1975, reported at 393 F.Supp. 1197 (N.D.Ill.1975), and entered judgment against the Estate on November 30, 1976, in the amount of $13,969,-504, reported at 424 F.Supp. 778 (N.D.Ill. 1976). The Executor of the Knight Estate's appeal of the judgment is now pending in the Seventh Circuit Court of Appeals. In Count IX, the receiver alleges that the assets of the Estate of Knight are insufficient to satisfy its judgment, and thus, seeks to set aside the conveyance by a deed in trust of real estate in Jersey County, Illinois, executed by Joseph E. Knight in 1970 dur-

---

1. This litigation has been chronicled in a series of prior opinions. See *Mensik v. Smith*, 18 Ill.2d 572, 166 N.E.2d 265 (1960); *Tcherepnin v. Franz*, 277 F.Supp. 472 (N.D.Ill.1966); *Tcherepnin v. Knight*, 371 F.2d 374 (7th Cir. 1967), *rev'd*, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967); *Tcherepnin v. Kirby*, 416 F.2d 594 (7th Cir. 1969); *Tcherepnin v. Franz*, 316 F.Supp. 714 (N.D.Ill.1970); *Tcherepnin v. Franz*, 461 F.2d 544 (7th Cir. 1972); *Tcherepnin v. Campbell*, 469 F.2d 531 (7th Cir. 1972); *Tcherepnin v. Franz* (N.D.Ill. Mar. 12, 1973);

*Tcherepnin v. Franz*, 485 F.2d 1251 (7th Cir. 1973), *cert. denied sub nom.*, *McGurren v. Ettelson*, 415 U.S. 918, 94 S.Ct. 1416, 39 L.Ed.2d 472 (1974); *Tcherepnin v. Franz*, 393 F.Supp. 1197 (N.D.Ill.1975); *Tcherepnin v. Franz*, 393 F.Supp. 1221 (N.D.Ill.1975); *Tcherepnin v. Franz*, 424 F.Supp. 778 (N.D.Ill.1976).

2. The Executor of the Knight Estate was substituted as defendant after Knight's death in 1973.

ing the pendency of the City Savings Association receivership.

Cross-defendant Executor of the Knight Estate seeks to dismiss Count IX on the grounds that there is no relief sought against it in Count IX, no allegation is made that it is in any way a party to the trust sought to be set aside, and therefore, Count IX fails to state a claim against it upon which relief can be granted. Third-party defendant Trustee of the Knight Trust seeks to dismiss Count IX on the grounds of lack of subject matter jurisdiction and improper venue. The other third-party defendants—the Jersey County Historical Society, Principia College of Elsah, Illinois, the Catholic Children's Home of Alton, and Rush Medical College of Chicago—as beneficiaries of the Joseph E. Knight Trust seek to dismiss Count IX on the ground of improper venue in the Northern District of Illinois. The First National Bank and Trust Company of Alton as Executor of the Knight Estate and as Trustee of the Knight Trust has filed memoranda in support of its motion and in reply to the receiver's answering memorandum. The beneficiaries of the Knight Estate have not filed memoranda in support of their motion. The receiver has filed an answering memorandum to all of the motions.

*Executor as a Necessary Party*

Defendant Executor of the Knight Estate argues in its reply memorandum that it is not a necessary party to Count IX so that this action should be dismissed as to it. In an action such as Count IX to set aside a fraudulent conveyance pursuant to Illinois law all parties who may be interested or affected by the judgment of the court should be joined as parties. 20 *Illinois Law and Practice*, Fraudulent Conveyances § 262, at 215–16 (1956). As this court cannot state with certainty at this stage of the proceedings that the Executor of the Knight Estate will not be affected by the decree, the Executor cannot be dismissed from participation in the Count IX proceedings.

The Executor of the Knight Estate asserts in its reply memorandum that even if the trust attacked in Count IX is set aside as fraudulent, the assets will revert to Knight's residuary legatees as the assets involved are real estate with the Executor obtaining no title or interest. This court is of the opinion that the nature of the fraudulent conveyance proceeding necessitates the presence of the Executor of the Knight Estate in the Count IX action. It has been held that the successful setting aside of a fraudulent conveyance of real estate restores the property to the debtor, as the creditor's interest is derivative from that of the debtor. *Redden v. Potter*, 16 Ill.App. 265, 271 (4th Dist. 1885). *See also Johnson v. La Grange State Bank*, 50 Ill.App.3d 830, 8 Ill.Dec. 670, 365 N.E.2d 1056, 1065 (1st Dist. 1977). In other words, the setting aside of the conveyance as fraudulent would restore the property to the Executor of the Knight Estate as far as the receiver—a creditor of the Knight Estate by way of its previous judgment in this action against the estate—is concerned. This restoration of property to the Executor of the Knight Estate makes the Executor a necessary party, so that the court's decree, if any, will be binding upon it. 7 Wright & Miller, *Federal Practice and Procedure* § 1618, at 190 [hereinafter Wright & Miller]; *Lux v. Lelija*, 11 Ill.App.2d 33, 137 N.E.2d 280 (2d Dist. 1956).

*Subject Matter Jurisdiction*

Third-party defendant Trustee of the Knight Trust argues that this court lacks subject matter jurisdiction as diversity of citizenship does not exist between the parties and no federal question is presented for decision. The receiver states that this court has ancillary jurisdiction over Count IX as it is related to the original action.

A federal district court has ancillary jurisdiction over actions related to the appointment of a federal receivership. *Tcherepnin v. Franz*, 485 F.2d 1251, 1255 (7th Cir. 1973), *cert. denied sub nom.*, *McGurren v. Ettelson*, 415 U.S. 918, 94 S.Ct. 1416, 39 L.Ed.2d 472 (1974); 12 Wright & Miller, § 1285, at 44. Thus, a federal receiver may sue in the court of its appointment through an ancillary proceeding "to

accomplish the ends sought and directed by the suit in which the appointment was made." *Pope v. Louisville, New Albany & Chicago Ry. Co.,* 173 U.S. 573, 577, 19 S.Ct. 500, 501, 43 L.Ed. 814 (1899). In this case, the end sought by the appointment of the receiver was to obtain and preserve assets belonging to the City Savings Association so as to create a fund from which the original plaintiffs. in the principal action might be reimbursed. *Tcherepnin v. Franz, supra,* at 1256. Count IX, as an action to set aside a fraudulent conveyance by Joseph E. Knight, a defendant against whom judgment has previously been entered in the principal action, clearly is consonant with the end sought by the appointment of the receiver as an action to obtain funds for the benefit of the depositors of the City Savings Association. The court directed the receiver to litigate all claims of the City Savings Association as ancillary to the principal case. *Tcherepnin v. Franz,* 316 F.Supp. 714, 716 (N.D.Ill.1970), *aff'd,* 485 F.2d 1251 (7th Cir. 1973), *cert. denied sub nom., McGurren v. Ettelson,* 415 U.S. 918, 94 S.Ct. 1416, 39 L.Ed.2d 472 (1974). Clearly bringing Count IX as an ancillary proceeding is consistent with this end directed by the court, and affirmed by the Seventh Circuit in *Tcherepnin v. Franz, supra,* at 1256. Accordingly, an independent jurisdictional ground is not necessary for an ancillary action by a federal receiver so that the lack of diversity of citizenship or of a federal question does not prevent a federal court from exercising jurisdiction in an ancillary proceeding. *United States v. Franklin National Bank,* 512 F.2d 245, 249 (2d Cir. 1975); *Kelley v. Queeney,* 41 F.Supp. 1015, 1018 (W.D.N.Y.1941). Count IX as an ancillary proceeding to the continued litigation is proper.

Finally, the Trustee of the Knight Trust further argues in its reply memorandum that this court lacks subject matter jurisdiction because of the failure of the receiver to comply with the requirements of 28 U.S.C. § 754. Section 754 provides for the vesting of jurisdiction over property located in different districts in the district of the appointment of a receiver. Jurisdiction vests if the receiver within ten days after the entry of its order of appointment files copies of its complaint and order of appointment in every district where property subject to the proceedings is situated. The section further provides that failure to file copies of the complaint in a district divests the receiver of jurisdiction and control over property in that district. The Trustee states in its reply memorandum that property is involved in the Count IX Cross-claim, the property is located in the Southern District of Illinois, and a copy of Count IX was not filed in the Southern District of Illinois.

 The court disagrees. First, Section 754 does not affect jurisdiction already proper in the court of appointment of the federal receiver. *United States v. Franklin National Bank, supra,* at 249. We have held that Count IX is properly maintainable as an ancillary proceeding. Section 754 does not destroy the jurisdiction already present. *Id.* Furthermore, the required filing of a copy of the complaint and order of appointment in a district where property involved is situated is not applicable where, as here, the court of appointment already has jurisdiction over the claim involved. Second, if Count IX had been an *in rem* action, 28 U.S.C. § 754 might have to be satisfied. Here, however, as will be discussed in relation to venue, jurisdiction over Count IX is *in personam* so that jurisdiction over property that may be subject to an *in personam* decree need not be shown for this court to exercise its proper ancillary jurisdiction. Accordingly, section 754 is not applicable here.

*Venue*

Third-party defendants—the Trustee of the Knight Trust and the beneficiaries of the trust—argue that venue is improper on two grounds. First, the venue provision of 28 U.S.C. § 1391(b) is not satisfied as the action is not founded solely on diversity of citizenship, and all defendants do not reside within the Northern District of Illinois. Second, this civil action is of a local nature, and with all of the property located outside of the Northern District of Illinois the ven-

ue requirements of 28 U.S.C. § 1392(b) are not satisfied. The receiver states that Count IX as an ancillary proceeding does not require independent grounds for venue and that its action is transitory cognizable in the Northern District of Illinois.

As a third-party claim under Fed.R. Civ.P. 14, third-party defendants have no objection based on venue despite lack of independent grounds. 6 Wright & Miller, § 1445, at 240; *Odette v. Shearson, Hammill & Co., Inc.,* 394 F.Supp. 946, 951–52 (S.D.N.Y.1975). The court directed in these proceedings, *Tcherepnin v. Franz,* 316 F.Supp. 714, 716 (N.D.Ill.1970), *aff'd,* 485 F.2d 1251 (7th Cir. 1973), *cert. denied sub nom., McGurren v. Ettelson,* 415 U.S. 918, 94 S.Ct. 1416, 39 L.Ed.2d 472 (1974), that all claims of the City Savings Association should be litigated as ancillary to the principal proceeding. This directive suggests the application of third-party practice under Fed.R.Civ.P. 14. Because independent jurisdictional grounds need not be met for the bringing of ancillary proceedings, it follows that independent grounds for venue also need not be met. *Morrell v. United Air Lines Transport Corp.,* 29 F.Supp. 757, 758 (S.D.N.Y.1939). Thus, the statutory venue limitations will not be applied to the ancillary proceedings to the receiver's principal action just as the venue limitations are not applied to third-party practice under Fed.R. Civ.P. 14.

This court is further of the opinion that this district is the proper venue for Count IX through the satisfaction of the venue requirements of 28 U.S.C. § 1392(a). Section 1392(a) provides that venue is proper for any civil action, not of a local nature, against defendants residing in different districts in the same State in any of those districts in the State. Third-party defendant Rush Medical College of Chicago is a resident of the Northern District of Illinois. Thus, if Count IX is not a local action, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1392(a).

The federal venue provisions do not define what constitutes a local action. Both the receiver and the Trustee of the Knight Trust quote the following passage in their briefs from 1 *Moore's Federal Practice* § 0.142[2.–1], at 1362–63, as stating the distinction between local and transitory actions that has been worked out by the courts:

The true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam.* The character of the remedy sought should be determinative. If a plaintiff, asserting rights involving property, seeks a remedy in or to that property which requires the court to have jurisdiction over the res to afford the relief sought then the action is *in rem* and local . . . .. A transitory action, on the other hand, is one in which the plaintiff seeks a personal judgment against the defendant; and, so far as jurisdiction is concerned, may be brought before any competent court having subject matter jurisdiction and *in personam* jurisdiction over the defendant.

As Moore's states, the determination whether the action is local or transitory depends on the character of the remedy sought. Count IX seeks the setting aside of an allegedly fraudulent conveyance.

It is well-settled that in an action to set aside a fraudulent conveyance of land the court has jurisdiction wherever the person can be found, although lands not within the jurisdiction may be affected by the court's decree. *Massie v. Watts,* 10 U.S. (6 Cranch) 83, 90, 3 L.Ed. 181 (1810) (Chief Justice Marshall). *See also Sax v. Sax,* 294 F.2d 133, 136–37 (5th Cir. 1961); *Bank of Commerce & Trust of Richmond, Va. v. McArthur,* 248 F. 138 (S.D.Fla.1918). As Count IX is precisely the situation found in *Massie v. Watts, supra,* to be a transitory action, venue is proper here. In the present action, the remedy sought is the setting aside of a fraudulent conveyance. Although the action concerns land outside of the Northern District of Illinois which may be the subject of a court decree, the action brought is transitory as a personal judgment is sought against the defendants.

In Illinois, an action to set aside a fraudulent conveyance has been held to be

a transitory action properly cognizable wherever jurisdiction can be obtained over the defendant. *Johnson v. Gibson*, 116 Ill. 294, 300–03, 6 N.E. 205 (1886). *See also Tegtmeyer v. Tegtmeyer*, 306 Ill.App. 169, 175, 28 N.E.2d 303 (1st Dist. 1930). Thus, venue is proper in the Northern District of Illinois as Count IX is a transitory action, and this court has jurisdiction over all defendants in the Northern District of Illinois. Venue is proper despite the possibility that this court's decree may affect property in the Southern District of Illinois. As Count IX is not a local action and all defendants reside within the state but within different districts, section 1392(a) permits venue in the Northern District of Illinois where Rush Medical College of Chicago, one of the third-party defendants, resides. *Sinwell v. Shapp*, 536 F.2d 15, 17 (3d Cir. 1976).

*Conclusion*

For the reasons stated, it is therefore ordered that defendants' motions to dismiss shall be, and the same are hereby, denied.