The **FIRST NATIONAL BANK OF ELGIN, Appellant,**

v.

Robert A. **NILLES, Appellee.**

**Nos. 82 C 6968, 82 B 1819.**

United States District Court, N.D. Illinois, E.D.

Dec. 12, 1983.

Brady, McQueen, Martin, Collins & Jensen, Elgin, Ill., for appellant.

Norman L. Sider, Chicago, Ill., for appellee.

### MEMORANDUM OPINION

GRADY, District Judge.

This is an appeal from an order of the bankruptcy court entering judgment for appellee Robert Nilles ("Nilles") and against appellant First National Bank of Elgin (the "Bank").

FACTS

The uncontested facts are that Nilles borrowed $28,000.00 from the Bank on February 13, 1981. A loan officer of the Bank had told Nilles, to whom the Bank had made loans on previous occasions, that Nilles would have to bring in his most current financial statement before the Bank could approve the $28,000.00 loan. On February 13, 1981, Nilles did bring in a financial statement on a form provided by the Bank. The form contained a space in which the applicant was to fill in the date "as of" which the financial information on the form was current. Nilles filled in "As of January 5, 1981." On this form, Nilles did not

list a loan for $25,000.00 which he incurred at the Downers Grove Bank on January 26, 1981. This January 26 loan was incurred after the "as of" date of January 5 but before February 13, the date Nilles signed the form and presented it to the loan officer. Nilles subsequently filed a bankruptcy petition. The Bank brought this suit seeking to except the $28,000.00 loan from discharge in bankruptcy on the ground that it was incurred pursuant to a false financial statement. After a hearing, Bankruptcy Judge Fisher held that the Bank had not met its burden of proving that the debt should be excepted from the discharge and entered judgment in favor of Nilles. The Bank brings this appeal, and we reverse.

DISCUSSION

Exceptions to discharge are governed by 11 U.S.C. § 523(a), which provides, in relevant part:

(a) A discharge under . . . this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is indebted is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

The Bank argues that Nilles' financial statement, together with oral representations he made at the time of the February 13 loan, fall within the exceptions to discharge enumerated in Section 523(a)(2)(A) and (B). Although the Bank acknowledges that Nilles' financial statement was "as of January 5, 1981," the Bank points to another clause in the financial statement which reads:

Each undersigned represents and warrants that the information provided is true and complete and that you may consider this statement as continuing to be true and correct until a written notice of a change is given to you by the undersigned.

The Bank argues that this clause imposed on Nilles a continuing obligation to provide correct financial information, even after the January 5 "as of" date.

In response to the Bank's arguments, Judge Fisher held that the debt was not excepted from discharge under either § 523(a)(2)(A) or § 523(a)(2)(B). First, he held that § 523(a)(2)(A) does not apply to written financial statements. As to § 523(a)(2)(B), he held that Nilles' financial statement was not "materially false," see § 523(a)(2)(B)(i), since it only purported to be accurate as of January 5. As to any continuing obligation on Nilles' part to apprise the Bank of a change in his financial status, Judge Fisher held that the contractual language quoted above only obligated Nilles to provide true and complete information as to what his financial condition was on January 5. In other words, Nilles was not obligated to report changes in his financial condition which occurred after January 5, but only to report new information about his financial condition on January 5 which might have come to his attention subsequently. Judge Fisher held that financial statements are simply "a photograph of financial affairs as of the date they bear." R. at 43.

We believe that Judge Fisher and the parties gave too much emphasis to the provisions of the financial statement in addressing whether Nilles gave the Bank materially false information. While we might agree with Judge Fisher that nothing Nilles wrote on the financial statement was literally untrue or contrary to the literal commands of the financial statement, the fact remains that Nilles misrepresented his financial condition, perhaps with intent to

deceive the Bank.[1] We believe that aside from the literal requirements of the financial statement, Nilles had a duty of fair dealing which arose when he undertook to consummate a business transaction with the Bank. *See Matter of Garman,* 643 F.2d 1252, 1260 (7th Cir.1980), *cert. denied,* 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981) ("The law recognizes the duty of each to refrain from even attempted deceit of another with whom he deals, and the right of the latter to assume that he will do so," *quoting from Jacobsen v. Whitely,* 138 Wis. 434, 120 N.W. 285, 286 (1909)). It is a matter of hornbook law that fraud can be perpetrated through a material omission as much as through an actual misstatement. *Tchrepnin v. Franz,* 393 F.Supp. 1197, 1216 (N.D.Ill.1975) (Robson, J.), *supplemented,* 424 F.Supp. 778 (N.D.Ill.1976), *affirmed,* 570 F.2d 187 (7th Cir.), *cert. denied sub. nom., First National Bank and Trust Co. in Alton v. Berke,* 439 U.S. 876, 99 S.Ct. 214, 58 L.Ed.2d 190 (1978). Further, one who makes an incorrect statement he has reason to believe another is relying upon is under a duty to correct it. *McGrath v. Zenith Radio Corporation,* 651 F.2d 458, 468 (7th Cir.), *cert. denied,* 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981). Accordingly, Nilles had an obligation to provide the Bank not just with information which was technically "not untrue" according to the four corners of the financial statement but with a complete and accurate picture of his financial status at the time of the loan.

■ We therefore believe that Nilles' debt could be exceptable from discharge under either § 523(a)(2)(A) or § 523(a)(2)(B). Section 523(a)(2)(A) provides for exceptions to discharge where the false pretense, false representation, or actu-al fraud arose out of something other than a statement respecting the debtor's financial condition. Here, Nilles' failure, through his silence, to apprise the Bank of his true financial condition would appear to fit within that subsection; the fraud arose from conduct other than his financial statement, i.e., his failure to supplement the statement with complete information. *See In re Pommerer,* 10 B.R. 935, 939 (Bkrtcy.D. Minn.1981) ("Concealment of a fact can be as effective a misrepresentation as an outright lie, and an actionable misrepresentation can be implied from conduct [citations omitted]").

Alternatively, Nilles' actions could fall within § 523(a)(2)(B). As we stated, a financial statement can be literally true within the four corners of the document but still be materially false if it is a material misrepresentation of the debtor's financial condition. *See Matter of Milbank,* 1 B.R. 150, 154 (Bkrtcy.S.D.N.Y.1979) ("A deliberately created falsehood is the same as a spoken falsehood ... [T]he concealment of a material fact may be the equivalent of a false representation"). Nilles testified that he knew when he submitted the financial statement and when he took the note that the Bank would have an interest in knowing about his complete financial condition. R. at 11–12. Yet the information he submitted was not complete and contained a material omission.[2] Therefore we believe that the financial statement itself was materially false, in contravention of Nilles' duty to deal fairly with the Bank.

We therefore reverse, and because Judge Fisher did not specifically rule on the question whether Nilles acted with an intent to deceive,[3] we remand this case for further proceedings in accordance with this opinion.

---

**1.** *See* note 3 *infra.*

**2.** Nilles has not argued, nor could he, that his omission was immaterial. On the intent question, we would be particularly interested in the explanation of why Nilles chose an "as of" date which antedated an obviously material loan.

**3.** Intent to deceive is an element which must be met under both § 523(a)(2)(A) and § 523(a)(2)(B). Judge Fisher's ruling, however, is not clear on this element. At one point he stated:

> In each of these [elements of Section 523(a)(2)(B) ] I would indicate to you that I could very well find—I should not say for each but for three of the four [elements]. I could very well make a finding that the Plaintiff has satisfied its case.
> It is the fourth item [material falsity] that I have great difficulty with.

R. at 46.

---

Later in the hearing, Judge Fisher stated: The third element, the debtor caused to be made or published with intent to deceive, I have a difficult time with that element; but even if it existed I cannot find that this state-

ment constituted a false, materially false written statement.
R. at 47. Because of the uncertain state of the record on the intent question, we remand the case for further proceedings.