In re First National Bank of Mansfield, Trustee.

[Cite as In re First National Bank of
Mansfield (1974), 37 Ohio St. 2d 60.]

(No. 73-370—Decided February 13, 1974.)

62

*Means, Bichimer, Burkholder & Baker Co., L. P. A., Mr. Johnston H. Means,* and *Mr. Nicholas A. Pittner,* for appellant, Mary Joan Sherrard Miely.

*Messrs. Calhoun & Benzin* and *Mr. William A. Calhoun,* for appellee, First National Bank of Mansfield, Trustee.

CORRIGAN, J. Appellant's propositions of law, as presented here, are (1) that the trustee of a testamentary trust owes to trust beneficiaries a duty to collect and preserve the assets of the trust estate, and (2) that the beneficiary of a testamentary trust is not barred from asserting a claim against the trustee to redress a breach of the trustee's duties by failure on the part of the beneficiary to assert a claim against the executor.

As noted in the opinion of the Court of Appeals, appellant did not file exceptions to the final account of the executor, First National Bank. The question, then, is whether this forecloses appellant's present action excepting to the account filed by the First National Bank, as trustee.

It is settled trust law that a "* * * trustee owes a duty to the cestui on taking over property from the executor to examine the property tendered and see whether it is that which he ought to receive." 6 Bogert, Trusts and Trustees (2 Ed.), 226, Section 583. "A successor trustee is liable for breach of trust if he neglects to take proper steps to compel his predecessor to deliver the trust property to him." 3 Scott on Trusts (3 Ed.), 1782, Section 223.2.

The scope of the trustee's duty to enforce claims upon assuming responsibility for management of trust property is summarized in 1 Restatement of the Law, Trusts 2d, 383, Section 177, as follows:

"The trustee is under a duty to the beneficiary to take reasonable steps to enforce any claim which he holds as trustee against predecessor trustees * * * or in the case of a testamentary trust against the executors of the estate, to compel them to transfer to him as trustee property which they are under a duty to transfer, or to redress any breach of duty committed by them."

The foregoing principles of trust law make it clear that, upon assumption of administration of the trust, the bank, as trustee, had an obligation to redress the breach of duty which occured when the executor overpaid the inheritance tax. Failure by the trustee to discharge that obligation constituted a breach of duty on the part of the bank in its capacity as trustee.

However, the trial court and Court of Appeals refused to impose liability on the bank, as trustee, because of appellant's failure to file exceptions to the final account made by the bank in its capacity as executor.

In the case of *Dickerson* v. *Camden Trust Co.* (1949), 1 N. J. 459, 464, 64 A. 2d 214, upon the allowance of their final account as executors the defendants turned over to themselves as trustees all the assets of the estate including investments which should have been disposed of under the terms of the will because they were not "legal securities" which the fiduciaries were directed to invest in. Several of the cestuis sought to surcharge the fiduciaries for losses resulting from the "decline in value of the non-legal investments." The court held the fiduciaries liable despite a prior court approval and allowance of the executor's account, reasoning, at page 467, as follows:

"The liability of these defendants as executors for their breach of duty in failing to dispose of the improper investments within a reasonable time, however, is dependent upon the effect to be accorded the Orphans' Court decrees approving and allowing their two accounts. Each of the accounts as filed had annexed a statement of assets upon which were listed all of the investments held by the estate and the corresponding values of each, which were in fact in most instances the same values set up in the

original inventory. In these circumstances, both the executors and the beneficiaries are concluded by the decree of the Orphans' Court approving and allowing the accounts, and the executor's administration of the estate may not be challenged in the present proceedings either with respect to the propriety of the investments or as to the value thereof as stated in the accountings. * * *

"But as trustees whose power of investment was restricted to legal securities and who had no authority to continue non-legal investments of the testator, the defendants were under an unqualified duty upon assuming the administration of the trust to accept for the trust estate only cash or legal securities valued at the then market value. * * * Instead, the trustees took over all of the assets held by themselves as executors, consisting in large part of non-legal investments, accepting them at the original inventory value of the estate. Having accepted the securities at inventory value in breach of their trust they are charged with and required to account for the assets at the values at which they received them. As stated in 3 Bogert, Trusts and Trustees, Section 583, pp. 15-16:

" '* * * The trustee owes a duty to the cestui on taking over property from the executor to examine the property tendered and see whether it is that which he ought to receive. If the executor is under a duty to deliver money to the trustee, and tenders corporate stock in which the executor has wrongfully invested the funds of the estate, the trustee may render himself liable to the cestui by accepting such a tender, * * *'

"This principle would be applicable whether the trustee accepts securities in which the executor has wrongfully invested or whether he accepts securities which the executor has improperly retained. The fiduciary obligation which is breached is the same in each instance—the acceptance of improper assets. And where, as in the present cause, the trustees take over non-legal securities at values in excess of actual worth, they are liable to surcharge for the difference between the values at which the securities were accepted and the amounts realized upon the disposition of

such securities. It follows as a necessary consequence that the trustees are liable also for the loss of income to the estate resulting from their breach of trust."

We agree with the reasoning of the court in the *Dickerson* case, and apply the principles expressd in the Restatement, *supra*, that a successor fiduciary is obliged to compel his predecessors "to transfer to him as trustee property which they are under a duty to transfer, or to redress any breach of duty committed by them." Thus, the First National Bank, as trustee, was under an unqualified duty, upon acceptance of the trust property from itself, as executor, to take action to recover for the benefit of the beneficiaries that portion of the trust property which had been wrongfully disbursed by the bank while acting as executor.

Inasmuch as appellee's liability is based upon its failure to discharge its responsibilities as trustee, the failure of appellant to file exceptions to the final account of the executor does not preclude her from filing exceptions to appellee's account in its capacity as trustee.

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Division of the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

O'Neill, C. J., Celebrezze and W. Brown, JJ., concur.

Herbert, Stern and P. Brown, JJ., dissent.

Stern, J., dissenting. Although I have no quarrel with the broad, legal principles relied upon by the majority, those principles must be recognized for what they are, *i. e.,* guidelines that give only *general* direction to a judicial inquiry. The fiduciary duty of a trustee, or executor, is usually couched in terms like "reasonable" and "prudent," and therefore, in a particular case, a more meticulous examination of the facts is required.

The controversy in this case centers about a testamen-

tary trustee's failure to redress an alleged breach of duty by the executor. Appellant claims that appellee, in its capacity as executor, negligently overpaid the Ohio inheritance tax due on decedent's estate, and that appellee, in its capacity as trustee, was subsequently negligent in failing to recover that overpayment from itself as executor. Appellant's entire case is premised upon the conclusion that the executor was personally liable for what is admitted by both parties to be an overpayment of taxes. I disagree with that conclusion.

It is undisputed that the inheritance tax form was prepared by William A. Calhoun, counsel for the executor. There is substantial support for the concept that an executor who reasonably relies upon the advice of counsel, in an area peculiarly requiring legal expertise, is not personally responsible for his attorney's mistakes. See 31 American Jurisprudence 2d 117, Executors and Administrators, Section 218; annotations, 47 A. L. R. 3d 507, and 28 A. L. R. 3d 1191. Paragraph two of the syllabus in *In re Estate of Butler* (1940), 137 Ohio St. 96, contains general language to the contrary, but that case is readily distinguishable, on its facts, from the instant case.

The error made by Mr. Calhoun was judgmental, not arithmetic or accounting. It involved a failure to appreciate the consequences of a contingent interest in computing the decedent's inheritance tax. As such, the executor would not have been personally liable for the resultant tax overpayment. In relying upon its attorney, the executor acted reasonably.*

Having determined that appellee, in its capacity as executor, was not negligent, it necessarily follows that appellee, in its capacity as trustee, breached no fiduciary duty in failing to recover the tax overpayment.

P. BROWN, J., concurs in the foregoing dissenting opinion.

---

*It should be noted that appellant has never asserted that the executor was negligent *in choosing to employ* Mr. Calhoun as counsel.