**Erma M. LISKA, Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK IN SIOUX CITY, Defendant-Appellee.**

**Erma M. LISKA, et al., Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK IN SIOUX CITY, Defendant-Appellee.**

No. 2–64699.

Court of Appeals of Iowa.

April 21, 1981.

Raun, Franck, Mundt & Nepper, Denison and Hutchison & Hurst, Sioux City, for plaintiff-appellant.

Klass, Whicher & Mishne, Sioux City, for defendant-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL and JOHNSON, JJ.

DONIELSON, Judge.

Plaintiff Erma Liska appeals from grant of summary judgment for defendant bank on two petitions for damages for negligent and fraudulent administration of several trusts and the estate of plaintiff's husband. Plaintiff contends, essentially, that there was a genuine issue of material fact presented on the fraud allegation such that summary judgment should not have been granted and that the trial court incorrectly ruled that the plaintiff's malpractice action was barred by section 633.487, The Code 1977. We reverse and remand to the trial court.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4.

## I.

In October, 1969, plaintiff and her husband turned over their assets, consisting mainly of stocks and bonds, to the defendant bank in order that inter vivos trusts could be established for each of them. Plaintiff's husband died shortly thereafter and the assets from his inter vivos trust went into his estate. His will then provided that these assets be put in a testamentary trust set up for the benefit of his children and grandchildren. The executor's final report was filed in July of 1971; plaintiff signed a receipt and waiver of notice regarding the final report in which she waived notice of hearing on the report and approved and ratified it.

On June 22, 1976, plaintiff filed a petition against the defendant bank alleging fraud and negligence by the bank in 1969–71 when it acted as trustee and executor of her husband's estate. She alleged that the bank had caused property owned solely by her and property owned in joint tenancy to be placed in her husband's inter vivos trust and included in his estate. On August 13, 1976, plaintiff, together with her children and grandchildren (beneficiaries of the trust set up by plaintiff's husband's will), filed a second petition against the defendant bank. This petition alleged that the bank's inclusion in the husband's inter vivos trust and estate of property owned solely by the plaintiff and of property owned in joint tenancy resulted in payment of an additional $48,000 in estate and inheritance taxes. The petition also asked for monetary and punitive damages. Defendant's answers to the two petitions raised estoppel and laches as affirmative defenses because the plaintiff had approved the executor's final report over five years ago. Defendant also filed for summary judgment in each of the actions but only as to plaintiff Erma Liska in the action involving multiple plaintiffs. Defendant's motions for summary judgment alleged that no genuine issue of material fact existed because under section 633.487, The Code 1977, the actions of the bank as executor could be challenged only upon a showing of fraud and because the plaintiff had admitted in a deposition that she did not think the defendant had committed fraud. The trial court sustained defendant's motions for summary judgment and the plaintiff then filed notice of appeal from these rulings. The notices of appeal have been consolidated into one case on appeal.

## II.

We note initially that a question exists as to whether plaintiff's notice of appeal from the grant of summary judgment on the second petition was from a final judgment. This question arises because, although there were multiple plaintiffs in that action, summary judgment was requested and granted against plaintiff Erma Liska only. The tri-

al court did not specify whether the summary judgment granted against Erma was to extend to the other plaintiffs as well; we assume, however, that no such extension was intended. Because there exists the possibility that plaintiff's notice of appeal was not from a final judgment, we are prepared to treat plaintiff's notice of appeal from the grant of summary judgment on the second petition as an application for interlocutory appeal pursuant to Iowa R.App.P. 1(c); that application is hereby granted.

### III.

While we acknowledge that section 633.-487, The Code 1977, prohibits challenges to the actions of an executor except by appeal from the final order of settlement where notice of hearing on the final report was waived and where the executor has been discharged, we reverse the trial court's grant of summary judgment for the defendant in each action and remand to the lower court for trial.

The purpose of summary judgment is to enable the moving party to obtain a judgment promptly and without the expense of trial when no genuine issue of material fact exists. *Drainage District No. 119 v. Incorporated City of Spencer*, 268 N.W.2d 493, 499 (Iowa 1978). Essentially, the party moving for summary judgment asserts that, due to the lack of a genuine issue of material fact in the record, he or she is entitled to a judgment on the merits as a matter of law. *Id.* In order to successfully resist a motion for summary judgment, the resisting party must set forth specific evidentiary facts showing the existence of a genuine issue of material fact. *Schulte v. Mauer*, 219 N.W.2d 496, 500 (Iowa 1974); *Davis v. Comito*, 204 N.W.2d 607, 611–12 (Iowa 1973); *Bauer v. Stern Finance Company*, 169 N.W.2d 850, 853 (Iowa 1969); Iowa R.Civ.P. 237. The party may not rest on the mere allegations or denials of the pleading. *Bauer*, 169 N.W.2d at 853; Iowa R.Civ.P. 237(e). Additionally, all the evidence must be viewed in the light most favorable to the party resisting summary judgment. *Parsons v. National Dairy Cattle Congress*, 277 N.W.2d 620, 621 (Iowa 1979); *Drainage District No. 119*, 268 N.W.2d at 499. If reasonable minds could draw different inferences and reach different ultimate conclusions from the undisputed facts, the issues must be reserved for the factfinder at trial and summary judgment is inappropriate. *Parsons*, 277 N.W.2d at 621. We are guided by the same principles in reviewing a grant or denial of summary judgment. *Id.*; *see Drainage District No. 119*, 268 N.W.2d at 500.

Applying these considerations to the instant case, we conclude that summary judgment was improper on the basis of this record. Acts of a fiduciary that might constitute fraud are not protected by section 633.487, The Code 1977. Such acts are alleged in the action brought by Mrs. Liska as a single plaintiff. Defendant claims that no genuine factual issue in support of such claims exists because of certain statements made by plaintiff in a discovery deposition. In plaintiff's resistance to the motion for summary judgment in her single plaintiff action she asserts:

> Initially, it is clear that regardless of whether Mrs. Liska realizes it or not, this is an action based on the fraudulent nondisclosure by the defendant of its wrongful acts as a fiduciary. At the deposition of Mrs. Liska, plaintiffs reserved their right to object to any questions at the time of trial other than objections going to the form of questions. Questions which call for legal conclusions from a lay witness are clearly objectionable and plaintiff now objects. Accordingly, plaintiff objects to those questions contained on pages 170 and 187 through 188 of plaintiff's deposition.

Because plaintiff is a layperson with absolutely no business experience and it is thus questionable whether she understands the legal definition of "fraud," we find that her statement may more appropriately be characterized as the opinion of a lay witness and therefore inadmissible. *See Ganrud v. Smith*, 206 N.W.2d 311, 314 (Iowa 1973) (lay opinion evidence inadmissible unless it will

aid the jury in determining outcome and is based on special training, experience, or knowledge of witness). *See generally McCormick on Evidence* §§ 10–12 (2d ed. E. Cleary 1972). In any event, even if the plaintiff's statement were admissible, its effect would have to be weighed in the context of the entire record; our conclusion as to the propriety of summary judgment for the defendant would remain unchanged. We agree with plaintiff that her deposition statements do not serve to conclusively negate the allegations of fraud. While we have no way of knowing what the evidence will ultimately show as to these allegations, we conclude that plaintiff's statement in her deposition does not serve to defeat them as a matter of law. If these statements in the deposition are taken as evidence, they are inconclusive. If they are taken as issue-narrowing concessions by a party to the litigation, her position in this regard was reversed by reason of the formal resistance filed to the motion for summary judgment.

We also conclude that summary judgment based on section 633.487 was improperly granted as to those portions of plaintiff's claims in each action based upon alleged acts or omissions of the defendant acting as trustee of the inter vivos trusts of plaintiff and her husband, E. J. Liska. Such acts or omissions, if any, were not placed in issue or otherwise before the court as part of the administration of the E. J. Liska Estate. *See and compare In re First National Bank of Mansfield*, 37 Ohio St.2d 60, 307 N.E.2d 23, 68 A.L.R.3d 1258 (1974). We do agree, however, with the trial court's conclusion that, absent a finding of fraud, this statute would preclude recovery in either action against the defendant for acts as executor after its appointment and qualification as such.

### IV.

The trial court further applied section 633.487, The Code 1977, to bar that part of the plaintiff's action in which she alleged malpractice by the defendant bank as trustee of her husband's inter vivos trust and as executor of his estate. The provisions of section 633.487 clearly apply insofar as the plaintiff is alleging malpractice by the defendant as *executor*, since plaintiff herself does not deny that she waived notice of hearing on the final report and accounting. *See* § 633.487, The Code 1977. However, that statute does not operate to bar claims against trustees of inter vivos trusts, and the trial court erred in so ruling.

### V.

The defendant bank contends, for the first time on appeal, that plaintiff's action is barred by sections 614.1(4) and 614.4, The Code 1977, which would limit the time for filing plaintiff's petitions to five years. The statute of limitations is an affirmative defense to be raised by the pleadings; it cannot be raised for the first time on appeal. *See Pride v. Peterson*, 173 N.W.2d 549, 553 (Iowa 1970); *Harrison v. Keller*, 254 Iowa 267, 272, 117 N.W.2d 477, 480 (1962); *Ehlinger v. Ehlinger*, 253 Iowa 187, 192–93, 111 N.W.2d 656, 659 (1961). We therefore do not consider defendant's argument.

Plaintiff's action is therefore reversed and remanded for further proceedings consistent with our decision.

REVERSED AND REMANDED.

CARTER, J., takes no part.