In re the MARRIAGE OF Julie FIELDS and Loren L. Fields.

Upon the Petition of Julie Fields, Appellee,

And Concerning Loren L. Fields, Appellant.

No. 92–817.

Supreme Court of Iowa.

Nov. 24, 1993.

Lee M. Walker of Walker, Knopf & Billingsley, Newton, for appellant.

Richard A. Bartolomei of Bartolomei & Lange, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

The parties, formerly married, attempted a do-it-yourself modification of the custody arrangement previously ordered by the court. The question is whether, as a fallout from their ex officio agreement, respondent is now entitled to reimbursement to serve as credit against his child support obligations. The trial court declined to order the reimbursement and we affirm.

When their marriage was dissolved in 1983, the petitioner-mother Julie was granted custody of their two minor sons. Two years later Julie moved to Arizona leaving the children with respondent-father Loren. They entered a written agreement which, under guise of an extended visitation, gave de facto custody to Loren and waived his child support obligations to Julie. A year later, in the summer of 1986, the children went to stay with Julie but did not like Arizona and desired to return to Iowa.

When they did so Loren applied for and, without benefit of hearing, was granted an ex parte modification temporarily changing custody from Julie to him. The children contin-

ued to live with Loren until April of 1990 when Jason, the younger, moved to Arizona to live with Julie. Julie paid no support during the time the children lived with Loren and she was under no court order to do so. John, the elder, continued to reside with Loren until March of 1991, when he moved into an apartment.

When Loren's application for reimbursement at issue here was filed in September 1991, Jason was fourteen years old and John was eighteen. In October of 1991 a decree was entered on Julie's application, increasing Loren's monthly child support obligation. Prior to this decree Loren filed an application, under Iowa Code chapter 252A, for reimbursement of child support he claims Julie owed him for the period in which the children resided with him.

Julie responded by a motion to dismiss. The district court dismissed the application on two grounds. First, the court held that Loren was not entitled to bring an action under chapter 252A for support because he lacked standing. Second, Loren waived his rights to bring such an action under any common law theory because of estoppel and laches. We think both of Loren's theories are without merit.

■ Our review of dissolution of marriage decrees is in equity and therefore de novo. Iowa R.App.P. 4.

■■ I. Any existing common law rights to collect child support outside the parameters of Iowa Code chapter 252A are preserved. Iowa Code § 252A.10. The trial court however correctly held that Loren is estopped from collecting any such support. We have previously said estoppel by acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right. *Davidson v. Van Legen,* 266 N.W.2d 436, 438 (Iowa 1978). Estoppel by acquiescence is based on an examination of the rightholder's acts to determine whether the right has been waived. *Id.* at 439. Estoppel has been found where a former spouse failed,

in a timely manner, to pursue a claim for reimbursement of child support. *Id.* at 438.

Loren spurned two clear opportunities to assert the claim he now urges. The first was when he and Julie negotiated the written contract placing the children with him during the very period for which he now seeks support reimbursement. He did not seek support then and his failure to do so could have been critical in the meeting of the minds for the agreement. Loren shunned another opportunity when securing the 1986 ex parte order for modification. The district court in the present proceeding properly took this into account and correctly found that Loren was estopped from asserting his common law claim.

■ II. As mentioned, Loren sought the same relief on a second theory, a statutory claim under Iowa Code chapter 252A. The trial court dismissed the statutory claim because Loren brought it in his own name, not the children's. Loren now concedes he cannot qualify as a "petitioner," under Iowa Code section 252A.2(5), or a "petitioner's representative" under Iowa Code section 252A.2(6) entitled to seek relief under the chapter. *See* Iowa Code § 252A.6 ("proceeding . . . shall be commenced by a petitioner or petitioner's representative"). A parent, as next friend, may bring the action in the name of the child. *See Moody v. Christiansen*, 306 N.W.2d 775, 777 (Iowa 1981).

Loren nevertheless urges that the remedy should have been to allow him to amend, rather than to dismiss. He cites *State ex rel. Warren v. Mahan*, 329 N.W.2d 673, 674 (Iowa 1983), and *Iowa Department of Social Services v. Blakeman*, 337 N.W.2d 199, 202 (Iowa 1983).

■ The privilege of amending pleadings after a responsive pleading is not a matter of right; it can be done only by leave of opposing counsel or the court. Iowa R.Civ.P. 88. Even though it is a matter largely within the discretion of the trial court, we strongly encourage allowing amendments in the usual situations, and discourage denying permission. *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976).

It was clearly no abuse of discretion to disallow the amendment here. Loren's purpose was personal to him and hostile to the purpose of the statutory remedy he sought to pursue. The purpose of chapter 252A is to secure support for dependent spouses, children and poor relatives. Iowa Code § 252A.1. The reimbursement sought by Loren would be set off against the amount he currently owes for support of his son under the modified decree. If he were to succeed, his son's welfare would likely be worsened. It was prudent for the trial court to reject Loren's wish to amend and thereby misuse the statutory remedy for such a purpose.

■ III. Julie cross-appeals to challenge the trial court's refusal to allow her attorney fees in the proceeding and in connection with this appeal. The refusal was correct. There is no authorization for attorney fees as a part of costs in a chapter 252A proceeding. *See* Iowa Code § 252A.10. The right to tax attorney fees is wholly statutory. There is no common law right to tax attorney fees as a part of costs. *Thorn v. Kelley*, 257 Iowa 719, 726, 134 N.W.2d 545, 548 (1965).

Tax costs on appeal eighty-five percent to Loren and fifteen percent to Julie.

**AFFIRMED ON BOTH APPEALS.**