In the Matter of the THOMPSON TRUST, Arabella M. Decker, Beneficiary–Appellant.

No. 10–0458.

Court of Appeals of Iowa.

May 25, 2011.

Tiernan T. Siems of Erickson & Seder-strom, P.C., Omaha, Nebraska, for appellant.

Patrick White of Nyemaster, Goode, West, Hansell & O'Brien, P.C., Des Moines, for appellee Trustees of the Thompson Trust.

Considered by VOGEL, P.J., and DOYLE and TABOR, JJ.

VOGEL, P.J.

The Objector to the Trustees' 2008 annual report appeals the district court's grant of the Trustees' motion for summary judgment. We affirm in part, reverse in part, and remand.

## I. Background Facts and Proceedings.

The Thompson Trust (the Trust) was originally created in 1912 and will terminate in 2018. In July 2009, the five current Trustees[1] filed their annual report reflecting the activities of the Trust for the calendar year 2008. Arabella Decker, one of the many income beneficiaries of the Trust, filed an objection to the report on September 14, 2009, stating,

> [T]he proposed allocation of assets does not appear to be in the best interests of the Trust or its beneficiaries. Additionally, the substantial holdings of Wells Fargo Equity, without sufficient diversification, may also be in violation of Iowa law.[2]

1. The Trustees shown on the 2008 Annual Report are: Audrey Bowen Thompson, DeVere O. Bendixen, Samuel B. O'Brien, G. Thomas Sullivan, and Mark L. Hill.

2. The Objector added, "Finally, the issue of conflicts of interest and self-dealing may form the basis of an objection, however, additional information is required to evaluate whether such an objection exists." This was not ruled on by the district court, nor is it raised on appeal. Had the issue been raised on appeal, it would not have been preserved. *See Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Regardless, the issue was not raised on appeal and is waived. *See Aluminum Co. of Am. v. Musal,* 622 N.W.2d 476, 479–80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court.").

The Trustees and Ms. Decker (the Objector) engaged in some discovery. On December 31, 2009, the Trustees filed a motion for summary judgment, stating that because there were no material facts in dispute, they were entitled to judgment as a matter of law. They asserted the Objector's claims were barred by the doctrines of res judicata, consent and affirmation, estoppel by acquiescence, and laches. They also asserted the Objector's claims must fail for lack of damages.

The matter came on for hearing in January 2010. After a recitation of the history of the Trust and the issues raised, the district court wrote, "based on the fact the Objector has not raised any objection to the Trustees' Statement of Undisputed Material Facts, the Court concludes those facts to be undisputed." Addressing the legal issues, it agreed with the Trustees that the Objector's claims were barred. It did not reach the issue of whether the Objector's claims failed for lack of damages. The Objector filed a notice of appeal on March 10, 2010.

The Trustees then sought fees and costs, in part associated with defending the Objector's claims. After a May 18, 2010 hearing on the issue, the district court ordered a total of $57,638.44 be paid from Trust assets, but pursuant to Iowa Code section 633A.4507 (2009), delayed responsibility for payment of fees for defending the objections until a final determination was made, either resolved by the pending appeal or further hearing.[3] The Objector filed a notice of appeal from this order on July 19, 2010. On the Objector's motion, the appeals were consolidated by our supreme court for purposes of our review.

On appeal, the Objector asserts the district court erred in concluding her claims were barred by the doctrines of res judica-

ta, consent and affirmation, estoppel by acquiescence, and laches. She also faults the district court for awarding fees and costs, claiming the Trustees did not satisfy their burden to prove the necessity and reasonableness to support the award.

## II. Scope and Standard of Review.

We review the district court's grant of summary judgment for correction of errors at law. *Carr v. Bankers Trust Co.*, 546 N.W.2d 901, 903 (Iowa 1996). Summary judgment should be granted when the entire record demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). The purpose of summary judgment is to avoid "useless trials." *Sorensen v. Shaklee Corp.*, 461 N.W.2d 324, 326 (Iowa 1990). The party resisting a motion for summary judgment may not simply rest on the pleadings, but "must set forth specific evidentiary facts showing the existence of a genuine issue of material fact." *Liska v. First Nat'l Bank in Sioux City*, 310 N.W.2d 531, 534 (Iowa Ct.App.1981); *see also* Iowa R. Civ. P. 1.981(3), (5).

The award of attorney fees and costs is reviewed for an abuse of discretion. *See Boyle v. Alum–Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009). ("We review the court's award of attorney fees for an abuse of discretion. Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable.").

## III. Resolution of Legal Issues.

Before we launch into the legal issues at issue on review, we note the Objector does not appeal the district court's

---

3. This sum was allocated as: attorney fees $42,860; costs $8882.84; annual report prep-aration $3895.60; and guardian ad litem fees $2000.

conclusion that there remained before it no issues of material facts in dispute. Therefore we affirm this finding of the district court and any factual assertion the Objector may inject into her legal arguments is waived. *See Aluminum Co. of Am. v. Musal,* 622 N.W.2d 476, 479–80 (Iowa 2001) ("Issues not raised in the appellate briefs cannot be considered by the reviewing court.") (citing *Hubby v. State,* 331 N.W.2d 690, 694 (Iowa 1983) ("[I]ssues are deemed waived or abandoned when they are not stated on appeal by brief.")).

We also acknowledge the "well established doctrine of trust law that trustees have a duty of loyalty to the trust they are administering and to its beneficiaries, and must act in good faith in all actions affecting the trust." *Harvey v. Leonard,* 268 N.W.2d 504, 512 (Iowa 1978).

### A. Res Judicata, Consent and Affirmation, Estoppel by Acquiescence, and Laches.

The Objector asserts the district court erred in concluding the doctrines of res judicata, consent and affirmation, estoppel by acquiescence, and laches barred her objections to the 2008 annual report.

In January 2007, the Objector's mother died, which changed the status of the Objector from a contingent income beneficiary to a vested income beneficiary. However, the Objector conceded that even as a contingent income beneficiary, she had received the annual reports of the Trustees "for decades." The 2007 annual report sought, among other things, approval of "the retention of all assets comprising the trust estate, including the large concentration of Wells Fargo & Company stock." After notice to all beneficiaries and hearing on the matter, the 2007 annual report was approved without objection.

When the 2008 annual report came on for the Trustees' motion for summary judgment, the district court correctly reasoned and found,

> [T]he Court finds nothing in the pleadings in this matter to show that the Objector has suggested any manner in which the Court, by not approving the Report, could change any action of the Trustees that were taken in 2008. At this point, the Trustees can do nothing to change the concentration of Wells Fargo stock as it existed in 2008. Since this matter is now before the Court in 2010, it is obvious the Trustees can do nothing to change that concentration in 2009 unless they have chosen to do so during that year.... Since the 2008 Report shows nothing different than the prior reports that have been approved each year, the Court concludes that the doctrine of res judicata bars the Objection of Arabella Decker as it relates to the 2008 Annual Report of the Trustees of this Trust.

Closely linking all of the Objector's arguments on appeal is the application of several legal doctrines: res judicata, consent and affirmation, estoppel by acquiescence, and laches, as she claims all were wrongly applied by the district court to bar her claims.

 We briefly review the basic principles of these doctrines. Res judicata brought as "claim preclusion" would bar further litigation on the same claim; res judicata brought as "issue preclusion" would bar further litigation on a specific issue. *Weishaar v. Snap–On Tools Corp.,* 582 N.W.2d 177, 180 (Iowa 1998). As between the same parties on the same claim, a prior adjudication would bar further litigation. *Id.* Under Iowa Code section 633A.4506, a beneficiary shall not hold a trustee liable for a breach of trust if the beneficiary has consented to, released, or affirmed the conduct of the Trustee. "Es-

toppel by acquiescence occurs when a person knows or ought to know of an entitlement to enforce a right and neglects to do so for such time as would imply an intention to waive or abandon the right." *In re Marriage of Fields*, 508 N.W.2d 730, 731 (Iowa 1993). The equitable doctrine of laches is founded on a lack of diligence and good faith in invoking the court's jurisdiction on what then has become a "stale claim." *Harvey*, 268 N.W.2d at 515. It operates as a bar when the claimant knew or should have known of an alleged breach but sits on her rights. *Id.*

The Objector's primary complaint appears to be that one year's prudent trust management may be succeeded by another year's malfeasance. Therefore, approval of one year's annual report cannot preclude objection, under any of the asserted bars, to the next year's report, should circumstances change.

■ As far as the reporting of the 2008 year's activity, we agree with the district court that nothing in hindsight could change that activity as the report merely reflected that year's activities. However, we agree with part of the Objector's arguments and find the district court erred in its findings: (1) that just because the 2008 annual report was "almost identical to the prior reports" the doctrine of res judicata applied; (2) because the Objector by her inaction to prior years' reports, the doctrines of consent and affirmation and estoppel by acquiescence applied; and (3) her unreasonable delay in asserting a right after being on notice "for decades" triggered the doctrine of laches, all of which the district court concluded barred her from bringing her current objection to the 2008 report. These legal doctrines could not apply as each year's activities could present an actionable cause, such as a newly found breach of fiduciary duty, wholly independent from the prior year's

activities. Therefore no beneficiary is precluded from year to year, raising an objection to the annual report, absent a showing that the same claim had been raised and litigated, or an activity had been consented to or acquiescenced in or a claim fell by the wayside for failure to timely object.

■ However, as far as the investment decisions the Trustees made during 2008, we agree with the district court that the doctrine of consent and affirmation, and estoppel by acquiescence applied. This is because the Objector was on notice of the 2007 report, which obtained court approval for "the retention of all assets comprising the trust estate, including the large concentration of Wells Fargo & Company stock." Therefore, the Objector, by her silence to the 2007 report, could not later object to the Trustees' non-diversification of assets in 2008 as generally alleged in her objection. On this basis, we affirm the district court's application of the doctrines of consent and affirmation and estoppel by acquiescence to the 2008 investment decisions of the Trustees. *See* Iowa Code § 633A.4506; *Fields*, 508 N.W.2d at 731.

■ The same doctrines do not bar all objections to the 2008 report. Similar to the 2007 report, the 2008 report also sought approval for the continued holding into 2009 of the current assets including the Wells Fargo stock—"the retention of all assets comprising the trust estate, including the large concentration of Wells Fargo & Company stock." The Objector could voice her objection to this portion of the report, as she appeared to do by stating, "[T]he proposed allocation of assets does not appear to be in the best interests of the Trust or its beneficiaries. Additionally, the substantial holdings of Wells Fargo Equity, without sufficient diversification, may also be in violation of Iowa law." To the extent that the Objector was in opposition to this portion of the 2008 re-

port, the court erred in applying the doctrines of res judicata, consent and affirmation, estoppel by acquiescence, and laches, as future investments are subject to future conditions. As such, we reverse the district court and remand for a hearing on the objection to the Trustee's request, for "the retention of all assets comprising the trust estate, including the large concentration of Wells Fargo & Company stock."

## B. Fees and Costs.

The Objector next appeals the district court's award of attorney fees and costs asserting the award was not supported by the evidence nor the law.

The Trustees applied for fees and costs, requesting either that the award be paid by the Objector out of her share of the Trust income or, in the alternative, that the fees be paid out of the general assets of the Trust.[4] The Objector resisted, restating her objection to the 2008 annual report, was based on "the Trustee's personal malfeasance and breach of fiduciary duty." She claimed that the requested amount of fees was "exorbitant" and that the Trustees "have not set forth any basis to hold that their defense of Ms. Decker's objection was in any way for the protection or benefit of the estate."

The district court reviewed the itemization of fees, noting the number of hours claimed by the attorneys and the hourly rates. Applying the factors to be considered pursuant to Iowa Rule of Professional Conduct 32:1.5, the court reasoned "the experience, reputation and ability of the lawyers performing the services conclude that the hourly rates applied to the services are fees customarily charged in the locality for similar legal services." While the time involved seemed "excessive," the court noted the work involved and the

ultimate success in the favorable ruling on summary judgment.

Because the summary judgment ruling was on appeal, caution dictated that the Trust should assume responsibility for the payment of the fees for the Trustee. Yet the court further found,

> once a finality has been reached, either through the decision in the current appeal or through an ultimate hearing on the issues raised by the Objector, it would then be appropriate to determine to whom some or all of such fees and costs should be assessed and proper reimbursement made to the Trust if that is deemed proper at that time.

The court then awarded: $42,860 fees and $8,882.84 costs to the attorney for the Trustees, to be later reviewed as to allocation under Iowa Code section 633A.4507; $3895.60 fees to attorney for preparation of 2008 annual report; and $2000 fees for guardian ad litem in connection with the 2008 report. The latter fees were to be paid from the Trust.

In support of their application for fees the Trustees recap the drawn-out procedural background leading up to summary judgment. The 2008 annual report, filed on July 9, 2009, was set to come on for hearing on August 13, 2009, after notice was served on the thirty-eight beneficiaries. One day before the hearing, the Objector's counsel requested some additional Trust information along with a continuance of the hearing. The Trustees complied with providing several documents to the Objector's counsel and the court continued the hearing until Monday, September 14. Late on Friday afternoon, September 11, the Objector's counsel faxed the Trustees' counsel a request for additional information to help determine

---

4. The 2008 Trustees' Report indicates the Trust assets total approximately sixty million dollars, with total income distribution to the beneficiaries of $1,747,046.

whether the Objector would object to the annual report. Counsel also faxed to the Polk County Clerk of Court the "Objection to 2008 Trustees' Report," which was filed the following Monday. At the September 14 hearing, Objector's counsel again requested a continuance, and the court complied, continuing the hearing until November 5. The Trustees provided the Objector more information and both sides engaged in discovery. The November 5 hearing was again continued on the Objector's request, with the court setting the new date for March 1, 2010. Becoming more convinced that the Objector had no grounds upon which to prove any of her vague allegations, the Trustees moved for summary judgment on December 31, 2009 (filed January 4, 2010). The Objector resisted and the matter came on for hearing on January 22, 2010.

In considering the fee application, the court stated,

> [The] analysis reveals that the work involved was not only for the issues regarding the discovery motions and the Motion for Summary Judgment but also in the research and preparation directed toward the possibility of a hearing on the underlying issues raised by Ms. Decker in her Objections to the 2008 Annual Report. The hiring of an expert that incurred the costs for which application has been made for reimbursement was directly related to the fact that Ms. Decker had indicated her intent to use the services of an expert. Additionally, much of the research time related to preparation for a hearing on the issues raised by the Objector.

On our review we find no abuse of the district court's discretion, as the court clearly considered the appropriate factors set out in Iowa Rule of Professional Conduct 32:1.5 in granting the application for fees and costs. We affirm the district court's award of fees and costs.

## IV. Conclusion.

We affirm the district court's grant of the Trustees' motion for summary judgment as to all parts of the 2008 report that merely reflected the activity of the Trust for the 2008 year. We also affirm as to the Objector's issues related to the allocation of assets, including the Wells Fargo holdings in 2008, as such was pre-approved in the 2007 report, to which she failed to lodge any objection. As to the Objector's claim going forward, that the 2008 report sought approval of the same investment holdings, we reverse the district court and remand for hearing on her objection as to "the retention of all assets comprising the trust estate, including the large concentration of Wells Fargo & Company stock." We affirm the award of fees and costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**