**IN THE COURT OF APPEALS OF IOWA**

No. 15-0962
Filed April 6, 2016

**IN RE THE MARRIAGE OF LISA S. ANDERSON
AND TRACY L. ANDERSON**

**Upon the Petition of**
**LISA S. ANDERSON, n/k/a LISA S. YAROLEM,**
        Petitioner-Appellee,

**And Concerning**
**TRACY L. ANDERSON,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Jackson County, Mark R. Lawson,

Judge.


        A father appeals the denial of his application to modify a dissolution

decree, and the mother cross-appeals the district court's refusal to consider child

support.  **AFFIRMED ON APPEAL; REVERSED IN PART AND REMANDED**

**ON CROSS-APPEAL.**


        Robert S. Gallagher and Peter G. Gierut of Gallagher, Millage

& Gallagher, P.L.C., Bettendorf, for appellant.

        Todd W. Schmidt of Iowa Legal Aid, Dubuque, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A father appeals the denial of his application to modify the physical care provision of a dissolution decree and his application to have the mother held in contempt. The mother cross-appeals from the district court's refusal to consider her request to increase the father's child support obligation.

## I.    *Background Facts and Proceedings*

Tracy and Lisa Anderson (now known as Lisa Yarolem) divorced in 2009. The district court granted Yarolem physical care of their three children, subject to visitation with Anderson every other weekend and every Wednesday evening. The court ordered Anderson to pay Yarolem child support of $991.80 per month.

Five years later, Anderson petitioned to modify the physical care provision of the decree. By this time, the oldest child was an adult, leaving only the younger two children subject to the modification petition. Anderson alleged a material and substantial change of circumstances based on several factors including Yarolem's asserted failure to provide medical, psychiatric, and dental care; keep the children clean and well-clothed; provide Wednesday visitation; and treat her mental health diagnoses. Yarolem filed an answer seeking a denial of the petition and "such other relief as the Court may deem just and equitable." Anderson subsequently filed a contempt application based on many of the same circumstances cited in the modification petition.

At the beginning of the modification hearing, the district court asked Yarolem whether she was raising child support as an issue. Yarolem responded that she was seeking a change in the child support amount. The district court

declined to consider the issue on the ground it was not raised in Yarolem's answer.

Following the hearing, the district court denied Anderson's modification petition and the contempt application. Anderson appealed and Yarolem cross-appealed.

## II.  *Modification of Physical Care*

Our modification standards are well established:

> The principal question for us, as it was for the trial court, is whether [Anderson] established by a preponderance of evidence that conditions since the dissolution decree was entered have so materially and substantially changed that the children's best interests make it expedient to award their custody to him. The changed circumstances must not have been contemplated by the trial court when the decree was entered. They must be more or less permanent or continuous, not temporary, and must relate to the welfare of the children.

*See In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980); *see also In re Marriage of Harris*, ___ N.W.2d ___, ___ (Iowa 2016). We have characterized the petitioning parent's burden as a "heavy" one. *See Mikelson*, 299 N.W.2d at 671.

The district court determined Anderson failed to meet this heavy burden. On our de novo review, we agree with this assessment. We begin and end with Anderson's attempt to show a material and substantial change of circumstances. Many if not most of the allegations he raised were contemplated at the time of the dissolution decree five years earlier. Those allegations could not serve as the basis for modification. *See id.*

We recognize the children exhibited certain behaviors not present at the time of the divorce. But, contrary to Anderson's assertion, Yarolem obtained

mental health treatment for both children. Accordingly, her management of the children's mental health did not amount to a material and substantial change of circumstances.

The same holds true for Yarolem's management of the children's remaining health needs. Yarolem was the parent who routinely scheduled medical appointments and ensured the children obtained medical and dental care.

Anderson also contends Yarolem's mental health diagnoses prevented her from effectively parenting the children. Yarolem refuted this allegation, testifying those diagnoses were made years earlier in connection with the birth of one of her children and she no longer had a mental illness.

To be sure, Yarolem was not a model parent. She admitted relegating many parenting duties to her oldest child when the child lived with her.[1] She also left the children to their own devices and failed to enforce hygiene rules. But Anderson also was not a model parent. He had past difficulty controlling his temper, a condition that resulted in a founded report of child abuse involving the oldest child and for which he was receiving counseling. While the oldest child testified he did not get angry as often, the younger children continued to express fear of him.

The decretal court considered the parents' respective parenting abilities and concluded Yarolem should exercise physical care of the children. On our de novo review, we are convinced nothing materially changed in the intervening five

---

[1] At the time of the modification hearing, the oldest child had been living with Anderson for approximately three years.

years. Because Anderson failed to prove a material and substantial change of circumstances, we affirm the district court's denial of his modification petition.

## III. Contempt

Iowa Code section 598.23 (2015) allows a court to cite and punish a person for contempt if the person willful disobeys a provision of a final decree. *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). A district court has "broad discretion" to deny a contempt application and "unless this discretion is grossly abused, the [trial court's] decision must stand." *Id.* (alteration in original).

As noted, the decree afforded Anderson visitation every Wednesday evening. For years, Anderson declined to exercise this visitation. His rationale for foregoing this opportunity to spend time with his children was to allow Yarolem to get "on [her] feet and [find] a place to stay." He testified that, after he learned she found a place, he contacted her about initiating Wednesday visits, and, receiving no response, he went to the visitation exchange location every week for several years in hopes Yarolem would show up with the children.

Yarolem contradicted this testimony. Following entry of the dissolution decree in 2009, she stated Anderson did not want to exercise Wednesday visitation because he was working second shift. With the exception of a single request in 2010, which she granted, he did not ask to reinstate Wednesday visits until late 2014. She initially refused because the children did not want to go. Later, she relented and began facilitating Wednesday visits.

The district court found Anderson's "testimony that he sat at the agreed exchange point week after week waiting for [Yarolem] to show up [was] not

credible." The court stated Anderson "chose to sit on his hands for over four years, never making any attempt to formally assert his rights after voluntarily relinquishing them." The court concluded Anderson "failed to prove by evidence beyond a reasonable doubt that [Yarolem] [was] in contempt of the Court's decree of dissolution of marriage."

The court's ruling finds support in the record. We discern no gross abuse of discretion in the court's denial of Anderson's contempt application.[2]

## IV.    Child Support

In her cross-appeal, Yarolem asserts the district court should have considered her request for increased child support. We agree.

Amendments to pleadings should be freely given when required by the interests of justice. *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002) (citing Iowa R. Civ. P. 1.402(4)).

> Generally, a party may amend a pleading at any time before a decision is rendered, even after the close of the presentation of the evidence. As long as the amendment does not substantially change the issues or defense of the case, the court should permit the amendment. Even an amendment that substantially changes the issues may still be allowed if the opposing party is not prejudiced or unfairly surprised.

*Id.* "Even though it is a matter largely within the discretion of the trial court," the Iowa Supreme Court has "strongly encourage[d] allowing amendments in the usual situations." *In re Marriage of Fields*, 508 N.W.2d 730, 732 (Iowa 1993).

Although Yarolem's answer did not specifically raise child support as an issue, Yarolem advised the court she was seeking more child support. In

---

[2] We reach this conclusion even if, as Anderson now asserts, the district court failed to consider Yarolem's denial of a visit on March 11, 2015. Yarolem testified the denial was based on a misunderstanding.

addition, Anderson placed child support in issue; his petition explicitly sought a modification of "the child support consistent with the Iowa Child Support Guidelines," his attorney provided the court with financial information and an updated child support worksheet, and a "trial setting conference memorandum" listed "child support" as a contested issue for trial. *See In re Marriage of Titterington*, 488 N.W.2d 176, 180 (Iowa Ct. App. 1992) (noting petitioner "placed the level of child support in issue"). Finally, Anderson testified to his earnings and did not dispute Yarolem's assertion that they were significantly higher than his earnings at the time of the dissolution decree. Under these circumstances, we conclude Yarolem's request for increased child support should have been considered and decided. We reverse the district court's ruling on this issue and remand for recalculation of Anderson's child support obligation.

## V.   *Disposition*

We affirm all aspects of the district court's modification and contempt rulings except the court's refusal to consider Yarolem's request for a modification of the child support obligation. We reverse this portion of the ruling and remand for recalculation of Anderson's child support obligation. Costs on appeal are taxed to Anderson.

**AFFIRMED ON APPEAL; REVERSED IN PART AND REMANDED ON CROSS-APPEAL.**